# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PAUL A. GUTHRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:13-cv-0080-JMS-DKL |
| | ) | |
| BARACK HUSSEIN OBAMA, II, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order Dismissing Action

### I.

Mr. Guthrie's request to proceed *in forma pauperis* was granted.

In an action filed *in forma pauperis,* the court may raise on its own volition the issue of whether an action is malicious or frivolous under § 1915(e), and may test the complaint even before service of process. 28 U.S.C. § 1915(e)(2) grants the court the authority to dismiss the case at any time if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. If a complaint is based on an indisputably meritless legal theory, it lacks an arguable basis in law and may be dismissed as frivolous. *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992).

ASubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.@ *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). "Subject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009) (citing *Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States,* 546 U.S. 12 (2005)).

The doctrine of standing enforces the constitutional requirement of a "case or controversy" found in Article III of the Constitution. *Ezell v. City of Chicago,* 651 F.3d 684, 695 (7th Cir. 2011). Standing requires, *inter alia,* that a plaintiff suffer an injury in fact and that there be "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103 (1998).

The action is dismissed pursuant to § 1915(e)(2) as frivolous because the court lacks jurisdiction over Guthrie's action. The reason for this is that he lacks standing to seek the ouster from office of the President and the Vice-President or to obtain the other relief he seeks. *See Sibley v. Obama,* 866 F.Supp.2d 17, 19, 20 (D.D.C. 2012).

"[U]nless both subject-matter and personal jurisdiction have been established, a district court must dismiss the suit without addressing the substance of the plaintiff's claim." *Kromrey v. U.S. Dept. of Justice*, 423 Fed. Appx. 624, 626, 2011 WL 2419879, 1 (7th Cir. 2011). In this instance, subject matter jurisdiction is absent, requiring that the action be dismissed. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

## II.

The plaintiff's motion for an order directing service of process [3] is **denied as moot.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/18/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Paul A. Guthrie
7797 South Carefree Drive
Pendleton, IN 46064