# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2013 JAN 29  AM 11: 42

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Paul A. Guthrie, in propria persona, (A.K.A. General Jedi Pauly) ) ) ) | Civil Action No. |
| *Plaintiff,* ) ) | |
| vs. ) | **1: 13 -cv- 0080 JMS - DKL** |
| ) ) | |
| United States of America, et al., ) ) | |
| *Defendants*. ) | |

---

# MOTION FOR RELIEF FROM JUDGMENT AND ORDER

Comes now Plaintiff Paul Guthrie in the above-captioned case to move the Court

for relief from its judgment and/or order, dated January 18, 2013 and says:

## Ground 1:  Clerical mistake, oversight or omission

1. This motion is pursuant to Rule 60(a) of the Federal Rules of Civil Procedure

which allows the Court to relieve Plaintiff of a judgment or order to "correct a

1

clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment... "

2. It appears from the record that the Court may have mistaken Plaintiff Guthrie as a prisoner to which 28 USC 1915 applies, and denied service of process in this case based on this inadvertence.

3. Plaintiff Guthrie is not a prisoner as such term is defined by 28 USC 1915(h), nor has he held himself out to be.

4. The Court's order should be vacated because the Court may have mistaken Plaintiff Guthrie as a prisoner and exercised authority applicable only to prisoners, which would be to violate non-prisoner Plaintiff Guthrie's rights to due process.

**Ground 2:  Mistake or inadvertence**

5. This motion is pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure which allows the Court to relieve Plaintiff of a judgment or order if based upon a material mistake or inadvertence by the Plaintiff.

6. Based on instruction from this Court's Clerk and from a pro se legal organization, Plaintiff, who has never attended law school, on January 14th,

2013, filed a *Motion for Order Directing Service of Process* simultaneously with the filing of his original suit.

7.  In said motion, Plaintiff Guthrie referred to himself by mistake as a "Pauper" who "prays for the Court to grant him pauper status..." [See original Motion for Order Directing Service of Process.]

8.  Plaintiff Guthrie fears that the Court relied upon and used said pauper reference and prayer, and perhaps his address in Pendleton, Indiana where the state penitentiary exists, to assume his status was that of a prisoner, to which 28 USC 1915 would consequently apply.

9.  Plaintiff Guthrie is not a prisoner as such term is defined by 28 USC 1915(h), nor has he held himself out to be.

The Court's judgment or order, dated January 18, 2013, should be vacated to reflect that Plaintiff is not a prisoner and not subject to 28 USC 1915, as the Court may have mistaken him to be.

**Ground 3:  Judgment or order is void**

10.  This motion is pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure which allows the Court to relieve Plaintiff of a final judgment or order if it is void.

3

11. The Court's order, dated January 18, 2013, is void because the Court exercised authority under 28 USC 1915 to address the merits of Plaintiff's case and to dismiss the action, even though 28 USC 1915 did not apply to Plaintiff or to his case. The Court lacked the correct party, i.e., a prisoner, in order to legitimately apply 28 USC 1915 to this action.

12. Plaintiff Guthrie is not a prisoner to which 28 USC 1915 applies and as such term is defined at 28 USC 1915(h), and made no such representations to the Court. Both his original verified complaint and his Application to Proceed in District Court Without Prepaying Fees Or Cost is *prima facie* that he is not incarcerated.

13. The Court was to exercise its discretionary authority to pay Plaintiff's costs and fees under Rule 4(C)(3) of the Federal Rules of Civil Procedure, but instead it applied its mandatory authority with respect to prisoners under Rule 4(C)(3) and 28 USC 1915, the latter which does not apply to Plaintiff Guthrie.

14. A simple reading of the plain words of 28 USC 1915 render Judge Magnus-Stinson's order invalid, in that "the case" referred to in 28 USC 1915(e), which allows the Court to "dismiss the case at any time if the Court determines" the conditions under 28 USC 1915(e)(2), refers to the same specific cases referred

4

to in 28 USC 1915(a),(b), (c) and (d), which are strictly cases involving prisoners.

15. The Court knew, should have known or had a duty to know that 28 USC 1915 does not apply to Plaintiff Guthrie because he is not a prisoner as such term is defined at 28 USC 1915(h), yet Judge Magnus-Stinson has treated him like one.

16. This violation of the trial rules and the United States Code may amount to an actual impropriety as defined by Canon 2A of the Code of Conduct of United States Judges, which reads: "Actual improprieties under this standard include violations of law, Court rules, or other specific provisions of this Code."

17. Because 28 USC 1915 does not apply to Plaintiff or his case, the Court lacked authority under 28 USC 1915 to address the merits of Plaintiff's case and to dismiss his action for want of subject matter jurisdiction, and the Court's actions with respect to Plaintiff's complaint were improper.

18. The Court's order should be vacated because the Court's lack of authority to make such an order under 28 USC 1915 voids the order and because the order violates non-prisoner Plaintiff Guthrie's rights to due process.

**Ground 4: Judgment or order is void**

19. This motion is pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure which allows the Court to relieve Plaintiff of a final judgment or order if it is void.

20. In the present case the Court's order, dated January 18, 2012, is void because prior to making it, Judge Magnus-Stinson was required by 28 USC 455(b) and Canon 3(C) of the Code of Conduct of United States Judges to disqualify herself from this case due to the multiple inherent conflicts between her personal interests and the rights of Plaintiff Guthrie.

22. Judge Magnus-Stinson's inherent conflicts of interest include:

   a) that she was appointed to her Judgeship by and as a result of one or more of the defendants in this case, to whom she is beholden for giving her an important job;

   b) that her determination on the eligibility of Defendant Obama to be President of the United States will determine the lawfulness and worth of all her orders during her tenure as U.S. Judge on Guthrie's case, as well as her personal immunity from legal liability;

   c) that her determination on the eligibility of Defendant Obama to be President of the United States will determine whether or not she receives

a federal Judge's income, keeps her lifetime appointment to the U.S. District Court, and maintains her reputation as a jurist in a legitimate presidential administration, or whether she is removed from her office and mocked as corrupt, incompetent or gullible;

d) that her determination on the eligibility of Defendant Obama to be President of the United States will determine whether or not she and other U.S. citizen females, as a privileged class of U.S. citizens, can bear kings or natural born citizens of other countries who can also be Presidents, and

e) that, if she is a naturalized U.S. citizen, her determination on the eligibility of Defendant Obama to be President of the United States will determine whether or not she and other naturalized U.S. citizens can occupy the Office of President.

23. Each and all of the Judge's significant personal interests, mentioned directly above, "could be substantially affected by the outcome of the proceeding." 28 USC 455 (b)(4) and Canon 3(C)(1)(d)(3).

24. This situation leaves the Judge personally conflicted with the interests of Plaintiff, compromises the Judge's impartiality and gives to the Court the appearance of impropriety.

7

25. The Court's violation of the trial rules and the United States Code, as raised in Ground 2 above, is an actual judicial impropriety that is defined by Canon 2A of the Code of Conduct of United States Judges, which reads: "Actual improprieties under this standard include violations of law, Court rules, or other specific provisions of this Code."

26. Because of the appearance of impropriety, Judge Magnus-Stinson was required to disqualify herself before rendering a judgment or order in this case.

27. Because of both the appearance of impropriety and actual impropriety, Judge Magnus-Stinson is required to disqualify herself and set aside her order in this case, dated January 18, 2013.

28. Said judgment or order is void due to an appearance of impropriety and due to an actual impropriety in the Court.


**Ground 5:  Judgment or order is void**

29. This motion is pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure which allows the Court to relieve Plaintiff of a final judgment or order if it is void.

30. In the present case the Court's order, dated January 18, 2012, is void because Judge Magnus-Stinson is an appointee of an invalid President, who is a

8

naturalized U.S. citizen instead of a natural born Citizen (same as: natural born

U.S. Citizen), as required for eligibility to the Office of President pursuant to

Article II of the U.S. Constitution. [see Plaintiff Guthrie's Amended Complaint]

**Wherefore**, on each and all of the above grounds, Plaintiff Guthrie prays for relief

in the form of vacating the Court's judgment and/or order, dated January 18, 2013.

Respectfully submitted,

*Paul Guthrie*

Paul A. Guthrie

7797 South Carefree Drive
Pendleton, IN 46064

Phone: (317) 485 - 4229
Fax: none
E-mail: jedipauly@gmail.com