UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| PAUL A. GUTHRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:13-cv-0080-JMS-DKL |
| | ) | |
| BARACK HUSSEIN OBAMA, II, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion Seeking Disqualification**

The plaintiff seeks the recusal of the undersigned.

Substantively, the plaintiff argues that a conflict of interest exists because the undersigned was appointed to her position by "one or more of the defendants in this case." Recusal in this case is governed by 28 U.S.C. ' 455. Under ' 455(a), a federal judge must disqualify herself Ain any proceeding in which his impartiality might reasonably be questioned.@ *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a ' 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer.@ *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that ' 455(a) Aasks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry.@

A judge is presumed to be impartial. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981). Section 455 Amust not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.@ *Nichols v. Alley,* 71 F.3d 347, 351 (10th Cir. 1995)(*quoting Franks v. Nimmo,* 796 F.2d 1230, 1235 (10th Cir. 1986)). Neither is the statute intended to Abestow veto power over judges or to be used as a judge shopping device.@ *Id.* As stated in *New York City Housing Development Corporation v. Hart,* 796 F.2d 976, 980-81 (7th Cir. 1986):

> A judge may decide close calls in favor of recusal. But there must first be a close call. As we put it in *Suson v. Zenith Radio Corp.,* 763 F.2d 304, 308-09 n.2 (7th Cir. 1985), a "district judge is . . . obligated not to recuse himself without reason just as he is obligated to recuse himself when there is reason." *See also United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981).

The disqualification of a judge is a serious matter and must not be based on conjecture or mere opinion of a party or of parties. A reasonable question concerning this judge's impartiality, however, simply is not raised by the plaintiff's filings. There is no close call to make in this case. There is no conflict of interest simply because the undersigned was appointed to her position by one of the defendants. The motion to recuse thus fails under ' 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning my impartiality. In addition, no circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of ' 455(b).

The plaintiff also suggests that the undersigned should recuse herself because the plaintiff filed an amended complaint in which the undersigned was included as a putative defendant. But the amended complaint was filed after the dismissal of this action. The plaintiff suggests, though, that because he has named the undersigned as a putative defendant my disqualification is warranted. Not so. Judges need not automatically disqualify themselves every time their name appears in a case caption or a complaint. Judge Skretny made this point in *Jones v. City of Buffalo,* 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994): "[T]his tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit. . . . [Section 455] has been repeatedly construed by the courts as not requiring automatic disqualification of a judge in circumstances such as this." *Id. See also Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) ("'A judge is not disqualified merely because a litigant sues or threatens to sue him.' Such an easy method for obtaining disqualification should not be encouraged or allowed.")(quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), and *rev'd on merits, Hoover v. Ronwin,* 466 U.S. 558 (1984)). This reasoning applies in this case. There is no need for disqualification.

The motion seeking disqualification [11] is therefore **denied.**

**IT IS SO ORDERED.**

Date: 02/26/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Paul A. Guthrie
7797 South Carefree Drive
Pendleton, IN 46064