UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL A. GUTHRIE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:13-cv-0080-JMS-DKL |
| ) | |
| BARACK HUSSEIN OBAMA, II, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Selected Matters**

**I.**

The plaintiff's objection to the assignment of the undersigned [16] is without legal or factual basis and is therefore overruled.

**II.**

**A.**

The plaintiff's motion for relief from judgment filed on January 29, 2013, is pending. Given the timing of that motion relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. See *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

**B.**

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact. The court did not misapprehend Guthrie's claims, nor did it misapply the law to those claims. Accordingly, the post-judgment motion for relief from judgment, treated as a motion to alter or amend judgment [10], is **denied.**

### III.

An amended complaint was filed after the entry of final judgment. The post-judgment motion for relief from the dismissal of the action has been denied. In light of these circumstances, the amended complaint is of **no effect.** See *Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated."). The case remains closed.

**IT IS SO ORDERED**.

Date: 04/02/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Paul A. Guthrie
7797 South Carefree Drive
Pendleton, IN 46064